Ben Mammina, Trading as Ben's Tri-State Motor Company, Appellant, v. Homeland Insurance Company, Appellee.

**Gen. No. 39,209.**

Heard in the third division of this court for the first district at the October term, 1936. Opinion filed June 30, 1937. Rehearing denied July 12, 1937.

WILLIAM FELDMAN and ABRAHAM FELDMAN, both of Chicago, for appellant.

I. W. KAUFMAN, of Chicago, for appellee.

MR. JUSTICE HEBEL delivered the opinion of the court.

This action by the plaintiff filed in the municipal court of Chicago was based upon a policy of insurance issued by the defendant insuring plaintiff's truck

against loss by fire. The case was tried and heard by the court, without a jury, and resulted in a finding and judgment against the plaintiff, from which judgment the plaintiff appeals.

From the facts it appears that on February 11, 1935, said automobile truck was run into by a locomotive of a Big Four Train, at or near Anderson, Indiana, and the entire truck and the trailer were destroyed by fire resulting from the collision.

It appears from the evidence heard by the court that on the day in question the truck of the plaintiff was driven by one Harold Hayden, who was accompanied by Joseph McCormick as a helper; that in crossing the tracks at the place in question the locomotive of what is designated the Big Four Train, struck the gas tank in the front end of the truck and instantaneously flames burst forth; the driver was burned to death, and the helper was burned in and about divers portions of his body.

There is evidence by the plaintiff that the value of the truck as of February 11, 1935, before the happening of the fire, was in the sum of $2,250.

A stipulation was entered into by the parties that the value of the wreckage after the collision was $100, and by this action the plaintiff seeks to recover the sum of $2,150 after allowing credit for the value of the wreckage of $100, as stipulated.

The defendant, in support of its contention, offered evidence upon the question as to what part of this truck was destroyed by the force of the collision and what part was destroyed by fire. The evidence of this witness was based upon photographs of the wrecked truck taken shortly after the collision and the parts which were still at the place where the wreck occurred.

During the course of the examination of the witness, the defendant sought his opinion of the value of the truck immediately after the collision and before the

starting of the fire, on which subject the witness was qualified to testify. To this line of questioning plaintiff's counsel objected and his objection was sustained by the court, upon the theory that it was for the court to decide whether the damage to plaintiff's truck was caused by the collision or by fire.

From the contract of insurance the right of recovery for this loss will be determined.

The plaintiff contends that by the terms of this insurance policy, wherein it is provided that the defendant insured the plaintiff against loss ''from fire arising from any cause whatsoever and lightning'' the defendant is bound. Defendant's reply to this contention is that while it admits that under the policy of insurance in the instant case, loss by fire is covered, even where the fire is caused by a collision, this fact does not dispose of the question as to what caused plaintiff's loss.

The defendant calls our attention to the evidence which appears to establish the fact that the plaintiff's truck collided with the train and subsequently caught fire and burned.

The only evidence in the record introduced on the question of whether the damage was caused by the collision or by the fire is the testimony of defendant's witness, and defendant again calls our attention to this testimony and urges that from this evidence it is clearly demonstrated that the plaintiff's truck was completely demolished and destroyed as a result of its collision or impact with the train, and what was burned by the fire that followed was purely wreckage of the truck.

The question here is whether by reason of the fire which followed the collision the defendant would be liable for the total loss suffered by the plaintiff where the contract of insurance provides for loss ''from fire arising from any cause whatsoever and lightning.''

The plaintiff offers the plausible suggestion that it is not unusual, when a truck or automobile is struck by

another instrumentality, for a fire to ensue, and if it were the intention of the insurance company to avoid a loss of this kind, it certainly would have put in an exception in its policy.

From the language used in this policy, where an automobile or motor truck is destroyed by fire, it is only reasonable to construe the contract as meaning that the insurance company assumes the burden of paying for the loss and that the defendant is bound by its policy of insurance.

The defendant's theory is that where there are two concurrent causes of a loss, and the damage done by each cannot be distinguished, the predominating efficient one must be regarded as the proximate cause of the loss.

The plaintiff relies largely on the case of *Howard Fire Ins. Co. v. Norwich & New York Transportation Co.,* 12 Wallace's Rep. 194 (79 U. S.) where there was a policy of insurance providing against all loss or damage, not exceeding the sum insured, that should happen to the property by fire, other than fire happening by means of any invasion, insurrection, riot, or civil commotion, or of any military or usurped power. It was held in that case that the insurers took the risk of fires caused by lightning, explosions, and collisions. The court said in its opinion:

"It is true, as argued, that as the insurance in this case was only against fire, the assured must be regarded as having taken the risk of collision, and it is also true that the collision caused the fire; but it is well settled that when an efficient cause nearest the loss is a peril expressly insured against, the insurer is not to be relieved from responsibility by his showing that the property was brought within that peril by a cause not mentioned in the contract." The court further said in this opinion:

"In the case before us there is no exception of collisions, or fires caused by collisions. It must therefore

be understood that the insurers took the risk of all fires not expressly excepted."

The defendant seeks to qualify the opinion of the court in *Insurance Co. v. Transportation Co., supra,* by enumerated facts, and quoting from Justice Strong, who delivered the opinion of the court, where he used this language:

"As the influx of the water was the direct and necessary consequence of the collision, it is argued that the collision was the predominating, and, therefore, the proximate cause of the loss. The argument overlooks the fact, distinctly found, that the damage resulting from the sinking of the vessel was the natural and necessary result of the fire only. . . . Apart from that finding, the other findings, unquestionably of facts, show that neither the collision, nor the presence of water in the steamer's hold was the predominating efficient cause of her going to the bottom. That result required the agency of the fire. It is found that the water would not have caused the vessel to sink below her promenade deck, had not some other cause of sinking supervened."

The court then held that the fire was the efficient predominating cause, as well as nearest in time to the catastrophe. The terms used in the contract in question are not restrictive in any way, and when we consider this occurrence, the language is so broad that the insurance company in insuring the plaintiff to pay loss arising from any cause resulting in the fire, assumed the burden. Therefore, it would seem, without considering any of the other authorities cited, that the court erred in finding and in entering judgment for the defendant.

*Judgment reversed and cause remanded.*

Denis E. Sullivan, P. J., and Hall, J., concur.